IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

EDWARD FOLSOM CONEY           *

    Plaintiff,                  *

        v.                      * CIVIL ACTION NO. 2:05-CV-1054-T
                             (WO)

JUDGE ASHLEY MCKATHAN         *

    Defendant.                  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Covington County Jail located in Andalusia, Alabama. He files this 42 U.S.C. § 1983 action against the Honorable Ashley McKathan alleging that he denied Plaintiff a fair hearing and fair trial during his criminal court proceedings which violated Plaintiff's right to due process of law. Plaintiff requests dismissal of the charges against him and monetary damages. Upon review of the pleadings filed in this case, the court concludes that dismissal of the complaint is appropriate under 28 U.S.C. §1915(e)(2)(B).[1]

I. DISCUSSION

Plaintiff complains that Judge McKathan denied him due process during his state

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

court criminal proceedings. The conduct about which Plaintiff complains emanates from judicial actions taken by Judge McKathan in his capacity as a state circuit judge. As such, the claims entitle Plaintiff to no relief.

*A. The Claims Against Judge McKathan*

    *1. The Request for Monetary Damages*

It is clear that all of the allegations made by Plaintiff against Judge McKathan emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claims for monetary damages against Judge McKathan are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(I) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

    *2. The Request for Declaratory/Injunctive Relief*

To the extent that Plaintiff seeks declaratory and/or injunctive relief as a result of rulings or decisions issued during proceedings before the Circuit Court for Covington County, this court lacks jurisdiction to render such judgment in an action filed pursuant to

---

    Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

42 U.S.C. § 1983. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

*B. The Habeas Claims*

To the extent Plaintiff seeks declaratory relief which would result in his release, his action must be dismissed under the Supreme Court decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). In that case, the Court held that a prisoner who challenges the fact or duration of his confinement and seeks an immediate or speedier release may not seek such relief in

a § 1983 action but must file a petition for writ of habeas corpus. *See also Heck v. Humphrey*, 512 U.S. 477 (1994).

In light of the foregoing, dismissal of Plaintiff's complaint prior to service of process is appropriate under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before November 23, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of November, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE